# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

LEONARDO LUCERO,

    Plaintiff,

v.                                                                                                                     No. 1:19-cv-00363 KWR/KK

CORECIVIC NW NEW MEXICO
CORRECTIONAL FACILITY,
WARDEN BETTY JUDD, and CENTURION Ltd.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Motion to Dismiss Amended Complaint filed by Core Civic and Warden Betty Judd (together, Defendants) **(Doc. 20).** The Amended Complaint asserts claims for failure to protect and provide medical care. Having reviewed the parties' pleadings and the applicable law, the Court finds the Motion should be **granted in part**. The federal constitutional claims will be dismissed with prejudice, but the Court declines to adjudicate any surviving state law negligence claim.

### BACKGROUND

Plaintiff is a New Mexico Corrections Department inmate. He alleges Correctional Officer Lucero discovered a syringe in a bunkmates' bed and blamed Plaintiff. This purportedly caused tension in the cellblock, and he was beaten by six other inmates for approximately six to 15 minutes. **Doc. 11, ¶ 11**. He suffered a broken jaw, and welts and contusions to his head, neck, and back. *Id.*

Plaintiff appears to allege that the attack is traceable to misconduct by Defendants. He

contends prison officials inappropriately mixed Level II and Level III inmates and failed to have sufficient employees to respond to the fight. Plaintiff further alleges that Defendants were deliberately indifferent to his medical needs by failing to timely treat his injuries and respond to his request for medical treatment.

Plaintiff filed his complaint in New Mexico's First Judicial District Court on March 7, 2019. Defendant Centurion Correctional Health Care of New Mexico, LLC ("Centurion") removed this matter to Federal Court on April 19, 2019. Plaintiff, proceeding *pro se*, filed an Amended Complaint on May 14, 2019. **Doc. 11**. Counsel subsequently entered an appearance on behalf of Plaintiff, and Defendants Core Civic and Judd moved to dismiss the Amended Complaint under Fed. R. Civ.P. 12(b)(6). **Docs. 18, 20**. The matter is fully briefed.

## DISCUSSION

### I. Legal Standard.

"In reviewing a Fed. R. Civ. P. 12(b)(6) dismissal, a court must accept as true all well-pleaded facts, as distinguished from conclusory allegations, and those facts must be viewed in the light most favorable to the non-moving party." *Moss v. Kopp*, 559 F.3d 1155, 1159 (10th Cir. 2010). "To withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff filed his amended complaint *pro se,* the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520–21 (10th Cir. 1992).

However, the pleadings are still judged by the same legal standards that apply to all litigants. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). The Court is not obligated to craft legal theories for the plaintiff or assume the role of advocate. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991)

Plaintiff asserts federal constitutional claims. 42 U.S.C. § 1983 is the statutory vehicle for asserting violations of the United States constitution. A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). Plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998).

**II.** **Analysis.**

    **A.** **Federal Constitutional Claims will be Dismissed with Prejudice**

Plaintiff alleges that prison officials failed to protect him from attack and treat his injuries. Both claims implicate the deliberate-indifference standard under the Eighth Amendment. *Hovater v. Robinson*, 1 F.3d 1063, 1068 (10th Cir. 1993); *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001). Deliberate indifference occurs where a prison official is subjectively aware of an excessive risk to health and recklessly disregards that risk. *Wilson v. Falk*, 877 F.3d 1204, 1209 (10th Cir. 2017). The substantial harm requirement "may be satisfied by lifelong handicap, permanent loss, or considerable pain." *Garrett*, 254 F.3d at 950. Assuming without deciding that prison officials caused substantial harm, the Amended Complaint contains no allegations that

3

any particular Defendant knew Plaintiff was likely to be attacked. *See, e.g., Butler v. Rios*, 2017 WL 6803451, at *5 (W.D. Okla. Nov. 30, 2017) (knowing that certain types of prisoners may be in conflict does not demonstrate "a specific, substantial risk of harm to [p]laintiff" under the deliberate indifference standard). Plaintiff has not sufficiently alleged that any particular Defendant subjectively disregarded his medical needs.

Moreover, the only Defendants in this case are entities or supervisors.[1] Private corporations acting under the color of state law cannot be held liable solely because they employ or oversee a tortfeasor. *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, the plaintiff must show: "1) the existence of a ... policy or custom, and 2) that there is a direct causal link between the policy or custom and the injury alleged." *Id.* The same is true with respect to prison supervisors. *Dodd v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010) (to face liability, prison supervisors must "promulgat[e] ... a policy that caused a deprivation of plaintiff's rights"). Plaintiff has not established a nexus between the alleged violations and any policy or custom promulgated by CoreCivic, Warden Judd, or Centurion. The Eighth Amendment claims therefore fail.

In his counseled response, Plaintiff mostly admits that he fails to state an Eighth Amendment claim for similar reasons as described above. However, Plaintiff requests that the federal claims be dismissed without prejudice, because discovery *may* reveal facts to support a constitutional violation. The Court declines to grant this request. Plaintiff already had an opportunity to amend his pleading, and he has not identified what, if any, type of additional facts

---

[1] Plaintiff admits that Officer Lucero was not named in this suit. **Doc. 22, p. 6 n.1.** Therefore, this MOO does not address any claims against Officer Lucero.

he could discover to bolster his claims. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990) (dismissal without prejudice is only appropriate where the plaintiff can cure pleading defects). Therefore, the Court will dismiss the Eighth Amendment claims against Defendants Core Civic, Centurion[2], and Warden Judd **with prejudice**.

### B. The Court declines to remand any remaining state law negligence claim.

In their reply brief, Defendants request that the Court exercise supplemental jurisdiction over any state law negligence claim and dismiss the claim with prejudice. Plaintiff asks the Court to remand such claim to state court. Having reviewed the record, remand is not warranted; the negligence claim was omitted from the Amended Complaint and is therefore not currently pending. *See Franklin v. Kansas Department of Corrections,* 160 Fed. Appx. 730, 734 (10th Cir. 2005) ("An amended complaint supersedes the original complaint and renders the original complaint of no legal effect. Consequently, once the second amended complaint was accepted for filing, the district court did not err in examining only those claims that were included in [plaintiff's] second amended complaint."). To the extent Plaintiff intended to retain the negligence claim, and given his *pro se* status at the time the Amended Complaint was filed, the Court also agrees it should not be adjudicated and/or barred. The Court will therefore dismiss the Amended Complaint without prejudice to reasserting the negligence claim in state court.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss **(Doc. 20)** is **GRANTED IN PART.**

**IT IS FURTHER ORDERED** that Plaintiff's federal constitutional claims **(Doc. 11)**

---

[2] Although Defendant Centurion did not file a motion to dismiss, Plaintiff admits that the entire case should be dismissed, and the Centurion claims fail for the same reason as the claims against Core Civic.

against Core Civic, Centurion, and Warden Judd are **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that any state law negligence claims are **DISMISSED** without prejudice to reasserting the negligence claim in state court.

_____
KEA W. RIGGS
United States District Judge